**FA XING XU, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 07–0210–ag.

United States Court of Appeals, Second Circuit.

Feb. 26, 2008.

Fa Xing Xu, New York, New York, pro se.

Peter D. Keisler, Assistant Attorney General, Civil Division, Patricia A. Smith, Senior Litigation Counsel, Vanessa O. Lefort, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. BARRINGTON D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Fa Xing Xu, a citizen of the People's Republic of China, seeks review of a December 22, 2006 order of the BIA affirming the June 3, 2005 decision of Immigration Judge ("IJ") George T. Chew denying Xu's applications for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT"). *In re Fa Xing Xu,* No. A79 682 254 (B.I.A. Dec. 22, 2006), *aff'g* No. A79 682 254 (Immig. Ct. N.Y. City Jun. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of. completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337–339 (2d Cir.2006).

Upon our review of the record, we conclude that the IJ's denial of Xu's asylum application on the basis of an adverse credibility finding is supported by substantial evidence. Xu testified inconsistently with his girlfriend's statement regarding the sex of their child—she stated that she had given birth to a son while he testified that he had one child, a daughter. Because the existence of a child would help prove that Xu was in violation of China's family planning policy, the discrepancy between Xu's testimony and his girlfriend's statement went to the heart of his claim and, thus, provided substantial evidence for the IJ's denial of relief. *See Secaida–Rosales,* 331 F.3d at 308. Moreover, no reasonable factfinder would be compelled to credit Xu's explanation for this inconsistency— that his girlfriend somehow made a mistake. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ also properly relied on a Department of Homeland Security forensic report, which concluded that the birth certificate Xu submitted in support of his claim was counterfeit. . Because the birth certificate would establish the existence of Xu's child and the IJ had previously found Xu's testimony inconsistent regarding the sex of that child, it was reasonable for the IJ to rely on the forensic report to deem Xu's claim not credible. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) ("a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner"); *Matter of O–D–,* 21 I. & N. Dec. 1079 (BIA 1998).

Because Xu's withholding of removal claim was based upon the same factual predicate as his asylum claim and the IJ's adverse credibility finding is supported by substantial evidence, the IJ reasonably denied Xu's application for withholding of removal as well. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, Xu failed to challenge before the BIA or this Court the denial of his request for CAT relief. Thus, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.